## Case No. 7,934.

### KRIESLER v. MORTON.

#### [2 Curt. 239.] 1

Circuit Court. D. Massachusetts. May Term, 1855.

CUSTOMS DUTIES—PROTEST—WHEN REQUIRED.

The act of February 26. 1845 (5 Stat. 727), requires a protest to sustain an action to recover back the additional duty of twenty per centum, assessed by way of penalty under the eighth section of the tariff act of 1846 (9 Stat 43).

[This was an action by John Kriesler against Marcus Morton, collector of the port of Boston, to recover an excess of duties, levied by defendant on certain articles imported by plaintiff.]

G. T. Curtis and Mr. Griswold, for plaintiff.
Dist.-Atty. Hallett, contra.

CURTIS, Circuit Justice. This is the same case which was before the court at a former term. It is reported [Case No. 7,933]. After that opinion had been pronounced, it was suggested by the plaintiff's counsel, that since the argument, it had been ascertained that the question whether an additional duty imposed under the eighth section of the tariff act of 1846 [9 Stat. 43], was to be deemed a penalty, had been carried to the supreme court, in a case from New York, and that if it should be held to be a penalty, it would admit of doubt whether a payment on account thereof, was within the requirements of the act of February 26, 1845 (5 Stat. 727). Being of opinion that opportunity should be given to consider these questions, which had not been raised at the argument. judgment was suspended; and at this time. the decision of the supreme court having been made, the district attorney has moved for judgment. In Bartlett v. Kane, 16 How. [57 U. S.] 263, it was held that the twenty per centum exacted by the eighth section of the tariff act of 1846, was a penal duty, and not to be returned as part of the drawback, on re-exportation. In Ring v. Maxwell, 17 How. [58 U. S.] 147, it was held, that though an additional duty by way of penalty, it was not distributable among the officers of the customs. Notwithstanding these decisions, I am clearly of opinion that the sums exacted under color of this law, cannot

be recovered back without a protest, conformable to the requirement of the act of February 26, 1845. The case is within both the words of the act, and the mischief which it was intended to provide against. The terms of the act require a protest to enable a claimant to maintain an action against a collector, to recover money "paid as and for duties." The eighth section of the act of 1846, requires the collector, in the cases therein enumerated, to levy, assess, and collect, in addition to the duty imposed by law, "a duty of twenty per centum ad valorem, on each appraised value." Moneys thus paid are therefore paid as and for duties, and so are within the words of the act requiring a protest. These cases are also within the mischief. Probably no class of cases could be selected, in which it is so important that the collector should be apprised, before his proceedings are closed, by payment of the duties, what the objections of the importer are. Because there is no class of cases so likely to give rise to disputes and questions as this one. Moreover it will be found on examining this act of February 26, 1845, that if these cases of payment on account of the twenty per centum, additional duty, are not within the last clause of the act requiring protests, they are not within the enabling claim, allowing actions to be brought, and so the importer would be left wholly without remedy in all cases where the collector had paid over the money, as was held in Cary v. Curtis, 3 How. [44 U. S.] 236. The act in question was passed to change the law announced by that decision, and I have no doubt, extends to this class of cases. Let judgment be rendered on the verdict for the defendant.